IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THE DOUGLAS STEWART COMPANY,

                      Plaintiff,

v.

HIQO SOLUTIONS, INC.,

                      Defendant.

OPINION and ORDER

19-cv-714-jdp

This is a breach of contract case arising from the development of an e-commerce platform. The question before the court is whether the case should be transferred pursuant to the contract's forum-selection clause, as defendant HiQo Solutions, Inc. contends in a motion to transfer. Dkt. 13. But plaintiff Douglas Stewart Company argues that the forum-selection clause is unilateral: it commits HiQo to litigate in the courts in Savanah, Georgia, but it leaves Douglas Stewart free to litigate here, in its home forum.

The forum-selection clause is not perfectly drafted, but it unambiguously captures the intent of the parties to litigate any dispute arising from the contract in Georgia. The court will grant HiQo's motion and transfer the case.

BACKGROUND

The court draws the facts from Douglas Stewart's complaint, including the attached exhibits, and the materials submitted by both sides in connection with HiQo's motion to transfer. The court may look beyond to complaint to consider all factors relevant to the convenience of the parties and the interests of justice. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Here, the material facts are undisputed.

The Douglas Stewart Company sells educational materials. It is a Wisconsin corporation with its principal place of business in Madison, Wisconsin. HiQo Solutions, Inc. is a software developer. The defendant entity, HiQo Solutions, Inc. is a Georgia corporation with its principal place of business in near Savanah, Georgia. HiQo also conducts operations through an affiliated entity in Belarus. HiQo has only a limited presence in Wisconsin.

In 2016 the parties entered a contract for HiQo to develop an improved e-commerce platform for Douglas Stewart. Dkt. 1-1. The contract provided that HiQo would perform the services through facilities in Eastern Europe.

Article 20 of the contract addressed dispute resolution. The parties agreed that the contract would be interpreted and enforced under the laws of the State of Georgia, they waived rights to jury trials, and they agreed that the prevailing party could recover fees and expenses. Most important, for the purposes of this case, they agreed to this forum-selection clause:

> 20.4 <u>Venue and Jurisdiction.</u> In the event there arises a dispute between Company and HiQo that arises out of or from or involves any of the matters governed by this Contract or any Statement of Work between the Parties, HiQo hereby consents to the United States and the Courts referenced in this Section 20.4 below serving as the exclusive jurisdiction for any such legal or equitable proceedings and waives any and all rights that it has or may have to elect or otherwise to have Belarus and any of its courts or governmental bodies of Belarus be the appropriate jurisdiction and/or venue for any such proceedings. HiQo acknowledges and agrees that any such action at law or in equity shall be brought only in either the Superior Court of Bryan County, State of Georgia or the United States District Court for the Southern District of Georgia, Savannah Division, and that venue and jurisdiction are proper therein as to HiQo and Company

Dkt. 1-1 at 12.

Douglas Stewart was dissatisfied with HiQo's work. Despite the forum-selection clause, it filed suit in this district. The parties are diverse in citizenship and the jurisdictional amount is met, so the court has jurisdiction under 28 U.S.C. § 1332.

ANALYSIS

HiQo moves to dismiss or transfer this case primarily on the basis of the forum selection clause. It brings its motion under 28 U.S.C. § 1404(a), which is the proper procedural mechanism to enforce a forum-selection clause seeking transfer to another federal court. *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49 (2013). HiQo also argues that transfer would be proper under a traditional § 1404(a) analysis even without the forum-selection clause and that venue is improper under Rule 12(b)(3) of the Federal Rules of Civil Procedure. The court need not reach the secondary arguments because the forum-selection clause is decisive.

A valid forum-selection clause gets controlling weight in the § 1404(a) analysis in all but the most exceptional cases. *Atl. Marine*, 571 U.S. at 63. All agree that the parties entered a valid and binding contract, that the forum-selection clause is an enforceable component of that contract, and that this case is a dispute covered by the forum-selection clause. The dispute concerns the interpretation of the forum-selection clause.

The parties do not address the question whether Wisconsin law or Georgia law applies to the interpretation question. As a general rule, if the parties do not raise a conflict of law issue, a federal court simply applies the law of the forum state. *Massachusetts Bay Ins. Co. v. Vic Koenig Leasing, Inc.*, 136 F.3d 1116, 1120 (7th Cir. 1998). But the parties cite some Georgia law, to which the parties agreed in the contract, which is enough to raise the issue. In diversity cases, federal courts apply the forum state's choice-of-law rules. *Hinc v. Lime-O-Sol Co.*, 382

F.3d 716, 719 (7th Cir. 2004). Under Wisconsin choice-of-law rules for contract cases, courts apply the law of the jurisdiction with which the contract has its most significant relationship. *State Farm Mut. Auto. Ins. Co. v. Gillette*, 2002 WI 31, ¶ 26, 251 Wis. 2d 561, 577, 641 N.W.2d 662, 670. But a contractual choice-of-law provision, such as the selection of Georgia law here, will be enforced if it does not contravene important public policies of the state whose law would apply without the choice-of-law provision. *Drinkwater v. Am. Family Mut. Ins. Co.*, 2006 Wis. 56, ¶ 25, 290 Wis.2d 642, 652, 714 N.W.2d 568 (2006). The court is not aware of any public policy that would be undermined by the application of Georgia law in this case, so the court will apply Georgia law as the contract provides.

The choice-of-law decision has little effect on the analysis, however, because the parties cite only general principles of contract law, common to both jurisdictions. Georgia has codified these principles in Title 13, Chapter 2 of the Georgia Code. The only principles that really matter to the outcome here is that the court should give effect to the intent of the parties, and the best manifestation of that intent is the language they chose to express it. *Miller v. GGNSC Atlanta, LLC*, 746 S.E.2d 680, 684 (Ct. App. Ga. 2013). If the language is plain, the court's analysis ends there. *Nat'l Hills Exch., LLC. v. Thompson*, 736 S.E.2d 480, 482 (Ct. App. Ga. 2013) (citing *Longstreet v. Decker*, 717 S.E.2d 513 (Ct. App. Ga. 2013)); *see also* 2010 Georgia Code § 13-3-2 (codifying the preeminent role of the parties' intent over rules of construction).

Douglas Stewart contends that the forum-selection clause is unilateral, restricting only HiQo's choice of forum. Its sole argument is that only HiQo made any agreement in the forum-selection clause. The last sentence of the forum-selection clause provides:

> HiQo acknowledges and agrees that any such action at law or in equity shall be brought only in either the Superior Court of Bryan County, State of Georgia or the United States District Court for the Southern District of Georgia, Savannah Division, and that

4

> venue and jurisdiction are proper therein as to HiQo and Company.

As Douglas Stewart reads this sentence, HiQo agreed that any action would be brought in Georgia courts, but Douglas Stewart made no agreement at all. So, according to Douglas Stewart, HiQo committed to filing any lawsuit that HiQo commenced in Georgia, but Douglas Stewart was free to commence a lawsuit wherever it chose. But Douglas Stewart's interpretation has multiple problems.

First, the language used in the forum-selection clause does not square with Douglas Stewart's interpretation. The forum-selection clause does not state that HiQo agrees that it will commence litigation only in Georgia. The forum-selection clause says that "*any such action* at law or in equity shall be brought only" in Georgia. "Any such action" refers to any dispute between Douglas Stewart and HiQo that "arises out of or from or involves any of the matters governed by" the contract, regardless of who brings that dispute to court. And HiQo doesn't just "agree" that any such action will be brought in Georgia, it "acknowledges" it as well. The use of "acknowledge" suggests that the condition exists apart from, and prior to, HiQo's agreement to it.

Second, perhaps more important, in the first sentence of the forum-selection clause HiQo consents to the *exclusive* jurisdiction of the courts in Georgia over any dispute. The use of "exclusive" here is a particularly strong indication that the parties did not intend to litigate anywhere but in the specified Georgia courts. And this sentence makes clear that HiQo did not consent to litigate in Wisconsin. If the parties had really intended that Douglas Stewart could file suit in a Wisconsin court, the forum-selection clause would have included HiQo consent to Wisconsin courts as well as Georgia's.

Third, if the parties had actually intended Douglas Stewart's interpretation, the language they chose is a poor way to implement it. A unilateral forum-selection clause is unusual, and if the parties had intended that Douglas Stewart alone was free to file in its choice of forum, one would expect the parties to have stated so expressly.

The court acknowledges that the phrasing of the forum selection clause is a bit odd, but there's an explanation for that. HiQo had an affiliate company in Belarus, where the parties expected work on the contract to be performed. That raised the possibility the Belarus might be a forum with a substantial relationship with the contract, and that HiQo might want to litigate a dispute there. So the parties drafted the forum-selection clause to expressly foreclose that possibility. The point is that, in the negotiation of the contract, it was most critical to get HiQo's agreement to the forum-selection clause. But that does not mean that the parties intended it to be unilateral.

The forum-selection clause does not have to be perfectly stated to be unambiguous. The parties' intent is clear: they intended that any dispute arising from their contract would be litigated in the state or federal courts in Savanah, Georgia.

A forum-selection clause is decisive in the §1404(a) analysis, unless the plaintiff can meet its burden to show that transfer is unwarranted despite it. *Atl. Marine*, 571 U.S. at 63. Douglas Stewart's other arguments against transfer are that its choice of forum is entitled to deference, that the convenience of parties and witnesses favor Wisconsin, and Wisconsin has a stronger interest in the case than Georgia. Dkt. 16, at 9–11. But under *Atlantic Marine*, plaintiff's choice of forum and the parties' private interests are entitled to no consideration. The valid forum-selection clause subsumes and supersedes those considerations. *Atl. Marine*, at 63–64. That leaves only the interests of justice. The court is not persuaded that Wisconsin's

interests in this matter are significantly greater than Georgia's. True, Douglas Stewart's operations are in Wisconsin, whereas HiQo's are in Georgia and in Belarus, where work on the contract at issue was done. But Georgia still has an interest in protecting the rights of a Georgia company, even if that company also has operations out of the country. In any event, the differences in the states' interests in this purely private dispute are too minimal to overcome the forum-selection clause.

ORDER

IT IS ORDERED that Defendant HiQo Solutions, Inc.'s motion to dismiss or, in the alternative, motion to transfer venue to the Southern District of Georgia, Dkt. 13, is GRANTED.

Entered May 11, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge